UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                         No. 20-CR-210-LTS

GABRIELA BRATKOVICS,

        Defendant.

-------------------------------------------------------x

## ORDER

Ms. Bratkovics has moved for early termination of her supervised release term. (Docket entry no. 135 (the "Motion").) The Probation Office and the Government do not oppose Ms. Bratkovics's motion. (Id. at 3.) The Court has reviewed the Motion carefully and, for the following reasons, Ms. Bratkovics's motion is granted.

Section 3583 provides that the Court may, after considering the factors set forth in Section 3553(a) of Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.A. § 3583(e)(1) (Westlaw through P.L. 118-62). The Guide to Judiciary Policy likewise recognizes that the Court may terminate "terms of supervised release . . . in felony cases after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the conduct of the person under supervision and is in the interest of justice." Guide to Judiciary Policy, Volume 8E, Chapter 3, § 360.20(a)(2).

The Second Circuit has held that "changed circumstances" such as "exceptionally good behavior by the defendant" may "[o]ccasionally" warrant the early termination of supervised release. U.S. v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). However,

"[a] defendant's faithful compliance with the terms of [her] supervision does not, by itself, entitle [her] to modification or termination of [her] term of supervised release." U.S. v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (quoting United States v. Flores, No. 99-CR-1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010)).

On April 14, 2021, Ms. Bratkovics pled guilty to one count of conspiring to commit bank bribery in violation of 18 U.S.C. section 371. (Motion at 1.) The Court sentenced Ms. Bratkovics to 8 months' incarceration, followed by a two-year period of supervised release. (Id.) Ms. Bratkovics completed her custodial sentence and commenced her term of supervised release on January 30, 2023, and her term of supervised release is set to expire on January 30, 2025. (Id.) To date, Ms. Bratkovics has completed well over half of her period of supervised release.

Ms. Bratkovics has moved for early termination of her supervised release on the grounds that she satisfies each factor for early termination. (Motion at 2.) She represents that, since she was transferred to supervised release, Ms. Bratkovics "has demonstrated exceptionally good behavior" by supporting her family, timely paying all the financial obligations imposed as a part of her sentence, and maintaining a job at the company she helped found. (Id. at 3.) Indeed, Ms. Bratkovics's work has required travel outside of the jurisdiction, and she "has diligently requested permission to travel from the Court each time, promptly kept the Probation Department informed of her travel details, informed them of any changes, and each time returned to the jurisdiction without incident." (Id.) As a result, neither her Probation Officer nor the Government opposes Ms. Bratkovics's motion. (Id.)

The Court, having considered the factors set forth in both 18 U.S.C. section 3553(a), and the Guide to Judiciary Policy, Volume 8E, Chapter 3, section 360.20(a),

concludes that early termination of Ms. Bratkovics's supervised release is in the interest of justice because Ms. Bratkovics has complied with the conditions of her supervised release and has demonstrated "exceptionally good behavior" since she began her supervised release. See Lussier, 104 F.3d at 36.

For these reasons, Ms. Bratkovics's motion for early termination is granted, effective June 17, 2024. Because the Court is modifying the terms of Ms. Bratkovics's supervised release in her favor, the Court is not required to hold a hearing. FED. R. CRIM. P. 32.1(c)(2)(B) ("A hearing is not required if . . . the relief sought is favorable to the person and does not extend the term of probation or of supervised release"); see also 18 U.S.C. § 3583(e)(1) (supervised release may be terminated "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation").)

This Order resolves docket entry no. 135.

SO ORDERED.

Dated: New York, New York
       June 14, 2024

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge